IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD KING, JR., ID # 387402, ) | | |
|     Plaintiff, ) | | |
| vs. ) | No. 3:09-CV-0029-P (BH) | |
| ) | | |
| CITY OF DALLAS, et al., ) | Referred to U.S. Magistrate Judge | |
|     Defendants. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On January 7, 2009, the Court received this action pursuant to 42 U.S.C. § 1983 by Plaintiff, a prisoner in the Texas prison system. He sues an unidentified officer and Officer James Browder of the Dallas Police Department for falsely arresting him without a warrant on May 28, 2008, another officer for allegedly searching his car without a warrant in his driveway on that date, the City of Dallas ("the City") because it employed the officers, and Chief of Police David Kunkle because he is responsible for overseeing the officers. (Compl. at 3.) Plaintiff claims that on May 28, 2008, he was having "words with Thompson L. Jr." about five blocks from his home; he arrived home at 8:53 p.m., and was arrested at 10:08 without a warrant. (*Id.* at 4.) He contends that he was at home at the time of the events for which he was arrested. (*Id.* at attached page.)

The Court sent Plaintiff a Magistrate Judge's Questionnaire ("MJQ") in order to clarify his claims. On January 26, 2009, it received Plaintiff's answers providing additional facts for his claims.

(*See* Answers to MJQ.)[1] On May 28, 2008, Plaintiff was arrested at his home for an alleged failure to stop and render aid ("FSRA"). (*See* Answer to Question 1 of MJQ and attachments thereto.) According to the arrest report, Plaintiff attempted to leave a verbal disturbance at 2407 Crest Avenue between him and Thompson L. Jr. and backed his vehicle into an individual in a wheelchair, knocking him to the ground and causing injury. (*See* Arrest Report, attached to Answer to Question 1.) Plaintiff then fled the scene, and Officer Browder found him and his vehicle at 2673 Crest Avenue. (*Id.*) Officer Browder "found fresh damage to the back left of [Plaintiff's] vehicle" and placed him under arrest. (*Id.*) A State magistrate judge issued an arrest warrant the next day. (*See* Aff. for Arrest Warrant, attached to Answer to Question 1.) On June 10, 2008, he was indicted for the FSRA offense. (*See* Indictment, attached to Answer to Question 1 of MJQ.) On motion of the State, the trial court reduced the charge to disorderly conduct, and on Plaintiff's plea to that lesser charge, sentenced him to time served on July 31, 2008. (*See* Attachments to Answer to Question 1 of MJQ; Answer to Question 2 of MJQ.)

Plaintiff seeks monetary damages in this action. (Compl. at 4.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

2

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 for an alleged false arrest and illegal search. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

**A. False Arrest**

Plaintiff sues two officers for allegedly falsely arresting him without a warrant. However, to succeed on a claim of false arrest, there must be an absence of probable cause for the arrest, *see Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir.2004), and an indictment demonstrates just the opposite, *see Hastings v. City of Dallas Police Dep't*, No. 3:06-CV-1422-P, 2007 WL 1944408, at *3

3

n.2 (N.D. Tex. June 25, 2007) (accepting recommendation of Mag. J.), *appeal dismissed as frivolous*, 271 Fed. App'x 421 (5th Cir. 2008). Furthermore, as a general principle, a warrantless arrest does not violate the Fourth Amendment when there has been a judicial determination of probable cause within forty-eight hours of arrest. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). Because there was a judicial determination of probable cause within forty-eight hours of arrest, and because Plaintiff was ultimately indicted on the charges brought subsequent to his arrest, he has failed to state a false arrest claim that is plausible on its face.

**B. Illegal Search**

Plaintiff sues an unidentified police officer for searching his vehicle without a warrant. He alleges no facts to support the claim. (*See* Compl. at 3-4.) Although he was asked to provide all facts to show this officer's personal involvement, Plaintiff provided no additional details other than the information within the attachments to his answers. (*See* Answer to Question 7 of MJQ.) The attached exhibits reveal that the only "search" was a visual inspection of the vehicle for damage while it was in plain view in Plaintiff's driveway. (*See* Arrest Report.) However, "[t]he exterior of a car . . . is thrust into the public eye, and thus to examine it does not constitute a 'search.'" *New York v. Class*, 475 U.S. 106, 114 (1986). Because Plaintiff had no reasonable expectation of privacy as to the exterior of his car parked in his driveway, the alleged illegal "search" does not violate his constitutional rights. Consequently, Plaintiff has failed to state a plausible illegal search claim.

**C. Municipal Liability**

Plaintiff seeks to hold the City of Dallas liable because it employees the officers sued in this action. However, a municipality cannot be liable under 42 U.S.C. § 1983 simply because it employs

4

a tortfeaser. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 691-92 (1978). To hold a city liable under § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Plaintiff has neither shown an underlying constitutional violation nor alleged any official policy or custom on the part of the City in this action that violated his constitutional rights. Plaintiff has therefore failed to state a plausible claim against the City.

**D. Chief of Police**

Plaintiff sues Chief of Police Kunkle because he "oversees" the officers sued in this action. However, to prevail against a supervisor such as the Chief of Police under 42 U.S.C. § 1983, the plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation, or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.*; *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

In this instance, plaintiff does not allege personal involvement by Chief Kunkle. Plaintiff makes no allegations that the Kunkle directly caused the alleged constitutional violations, or that he was deliberately indifferent to a violation of plaintiff's constitutional rights. Plaintiff identifies no specific incident or causative link between his claims and conduct on the part of Kunkle. Plaintiff's claims against Kunkle are based only on his supervisory role as Chief of Police. Consequently,

5

Plaintiff has failed to state a plausible claim against Kunkle.

## IV. RECOMMENDATION

Because Plaintiff has failed to state any plausible claim in this action as discussed herein, it is recommended that the District Court summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 30th day of January, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.